UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

*FILED 2009 JUN 15 PM 3: 15*

| | |
|---|---|
| ROBERT WALDHEGER, on behalf of himself and all others similarly situated, 13203 Westlake Road Vermillion, Ohio 44089 | JUDGE **1:09CV1372** CASE NO. |
| Plaintiff, | **JUDGE GWIN** |
| vs. | **CLASS ACTION COMPLAINT** |
| TRACFONE WIRELESS, INC. 9700 N.W. 112th Avenue Miami, Florida 33178 c\o its statutory agent Corporate Creations Network 119 East Court Street Cincinnati, Ohio 45202 | **Jury Trial Endorsed Hereon** |
| Defendant. | **MAG. JUDGE BAUGHMAN** |

Plaintiff Robert Waldheger ("Plaintiff") on behalf of himself and all others similarly situated hereby alleges as follows upon information and belief against Defendant Tracfone Wireless, Inc. ("Tracfone").

### PARTIES

1.      Plaintiff is a resident citizen of Ohio.  Plaintiff purchased a "double minutes" cellular airtime contract from Tracfone during the relevant time period as described below.  At the time Plaintiff purchased the relevant cellular airtime contract from Tracfone, Plaintiff resided in Vermillion, Ohio.   Plaintiff purchased the relevant cellular airtime contract in Cuyahoga County, Ohio.

2.     Tracfone is a Florida corporation that conducts continuous and substantial business in the State of Ohio, and is authorized to do business in Ohio.  Tracfone maintains its principal address at 9700 N.W. 112th Avenue, Miami, Florida. 33218.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds Five Million Dollars ($5,000,000) and there is diversity of citizenship between Plaintiff, the proposed classes, and Tracfone.

4.     This Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges least one claim which arises under federal law.

5.     This Court also has jurisdiction pursuant to 28 U.S.C. §1367 to resolve Plaintiff's ancillary and pendant claims arising under state law.

6.     Venue is proper pursuant to 28 U.S.C. §1391(b) because Tracfone's misconduct that gives rise to Plaintiff's claims occurred, in substantial part, in this District.

## FACTUAL ALLEGATIONS

7.     Tracfone is a national provider of both cellular telephones and cellular service on a prepaid basis.

8.     Tracfone customers purchase a handset and then "load" their service by purchasing prepaid cellular airtime cards with a fixed number of minutes.

9.     Tracfone sells its airtime cards in increments of 60 minutes, 120 minutes, 200 minutes and 400 minutes.

10.     Tracfone also sells additional service packages, including a "Double Minutes" card.

2

11. Tracfone agreed, among other things, that if a consumer purchased a "Double Minutes" card, that Tracfone would:

- "Double the Minutes on every Airtime Card you buy and add, for the life of your Tracfone;"

- "For example, after you add the Double Minutes Card, a 60 Minutes Card will double and add 120 Minutes to your Phone."

- "This card doesn't add Minutes or Days of Service. It simply enables the Double Minute benefit."

12. In or around, 2007, Plaintiff purchased a Tracfone cellular telephone and an associated contract for wireless service.

13. Plaintiff also purchased a Tracfone "Double Minutes Card" for approximately One Hundred Fifty Dollars ($150.00).

14. Thereafter, Plaintiff continued to purchase and load Tracfone airtime as needed.

15. For nearly two years, Tracfone doubled the minutes of each airtime card purchased and loaded by Plaintiff.

16. However, beginning on or around January 2009, Tracfone refused to honor its "Double Minutes" even though Plaintiff continued to use the same Tracfone handset.

17. Plaintiff has attempted to use the Double Minutes Card on airtime which he purchased or attempted to purchase in order to load on his Tracfone handset.

18. Plaintiff and those similarly situated (the "Class") were purchasers of such Double Minutes Cards from Tracfone.

19. Plaintiff and the Class each paid a one-time, lump sum premium to purchase a cellular airtime contract for the life of their handset.

3

20.    Tracfone possesses information from various sources, including its own records allowing it to ascertain readily which of its customers purchased "Double Minutes Cards" and are therefore members of the class.

21.    Tracfone has the telephone number, and ESN number for every handset which was associated with a "Double Minutes Card.".

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this class action pursuant to the Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on behalf of a general class (the "Class") consisting of:

> All individuals who purchased a "Double Minutes" cellular airtime contract from Tracfone and did not receive double minutes for the life of the associated Tracfone handset.

23.    Excluded from the Class are all present and former employees of Tracfone, any Class member who timely elects to be excluded from the Class; the judge to whom this case is assigned, and any member of his or her immediate family.

24.    Plaintiff is a member of the Class and alleges that all Class members sustained injury in fact as a proximate result of the unlawful conduct alleged herein, specifically deprivation of the promised bonus minutes, the original cost of the Double Minutes Card, and the costs of securing a comparable replacement handset and service.

25.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The exact number of Class members is unknown, but Plaintiff reasonably estimates and believes that there are thousands of persons in the Class.

26.    Tracfone has acted on grounds generally applicable to the Class thereby making injunctive relief appropriate.

4

27.     There are questions of law and fact common to the Class which predominate over any questions which may affect only individual members of the Class, including but not limited to the following:

(a)     Whether Tracfone's "Double Minutes" cellular airtime agreement contractually obligate(d) Tracfone to double the minutes on every airtime card purchased during the lifetime of the associated Tracfone handset.;

(b)     Whether Sections 201 and 202 of the Communications Act, 47 U.S.C. *et seq* and related regulations require Tracfone to fulfill its contractual obligations to customers by, among other things, providing the double minutes promised to class members;

(c)     Whether Tracfone systematically breached its contractual obligations under the Double Minutes agreement;

(d)     Whether Tracfone engaged in wanton, willful, and/or intentional misconduct;

(e)     Whether Tracfone's conduct has satisfied the criteria for the imposition of punitive damages; and

(f)     What manner of interest should be applied to a monetary judgment favoring Plaintiff and the Class.

28.     Plaintiff is a member of the Class he seeks to represent. Plaintiff's claims are typical of the Class members' claims. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff's claims are typical and representative of the Class.

29.     There are no unique defenses which may be asserted against Plaintiff individually, as distinguished from the Class. The claims of Plaintiff are the same as those of the Class.

30.     There exist no conflicts of interest as between Plaintiff and the other Class members. Plaintiff has retained counsel that is competent and experienced in complex class action litigation. Plaintiff and its counsel will fairly and adequately represent and protect the interests of the Class.

31.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff is aware of his fiduciary responsibility to the Class and agrees to diligently discharge those duties.

32.     The questions of law and/or fact common to the members of the Class predominate over questions that may affect only individual members. The common nucleus of operative fact herein centers on the conduct of Tracfone.

33.     This class action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Class are small in relation to the expense and burden of individual litigation and, therefore, it is highly impractical for individual Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this Class action.

34.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The degree of damages suffered by individual Class members is calculable according to an ascertainable formula.

## COUNT I

## BREACH OF CONTRACT

35.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

36.     Tracfone entered into a contract with Plaintiff and Class for the provision of cellular service pursuant to its Double Minutes Card offering. An example of the contract is attached hereto as Exhibit A.

37.     Tracfone breached this contract by failing and refusing to honor the terms of the Double Minutes Card.

6

38.     Plaintiffs and the Class have fulfilled all of their obligations under the contract.

39.     Tracfone's consistent failure to refund honor its promise of providing double minutes to purchasers of its Double Minutes Card, breaches an express obligation to Plaintiff and Class members uniformly present across such policy.

40.     Plaintiff has satisfied all conditions precedent to the duty of Defendant to honor its obligations under the Double Minutes Card.

41.     Tracfone has no available defenses to justify its contractual breach with respect to its Double Minutes Card purchasers.

42.     Plaintiff and Class members have suffered pecuniary harm as the result of Tracfone's breach of contract.

## COUNT II

### VIOLATION OF §§ 201 AND 202 OF THE FEDERAL COMMUNICATIONS ACT

43.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

44.     Tracfone is required to provide Plaintiff and Class members with double minutes as promised to purchasers of its Double Minutes Card.

45.     Without notice, warning or just cause, Tracfone has consciously and deliberately decided to renege on its promises to Plaintiff and Class members.

46.     Section 201(b) of the Communications Act, 47 U.S.C. § 201, imposes upon Tracfone the duty that its practices in connection with communications services be "just and reasonable" and provides that all unjust and unreasonable practices are unlawful.

47. Tracfone has engaged in unreasonable, unjustified, and unlawful conduct by deliberately refusing to provide to Plaintiff and Class members the promised double minutes. that it lawfully owes.

48. Tracfone's conduct as described herein constitutes an unreasonable practice in violation of Section 201(b) of the Act and the FCC's implementing decisions.

49. As a proximate result of Tracfone's intentional failure and refusal to fulfill its promises, Plaintiff and Class members have sustained consequential damages including, but not limited to, the cost of the card and the cost of replacement minutes.

50. Tracfone's intentional conduct is an unreasonable and discriminatory practice and violates 47 U.S.C. § 201(b) and 47 U.S.C. § 202(a) of the Federal Communications Act.

51. Pursuant to 47 U.S.C. § 206, the Plaintiff is entitled to recover its actual damages and its reasonable attorney fees for these violations.

52. Tracfone's conduct is intentional, willful and malicious under applicable FCC rules and regulations, and entitles Plaintiff to an award of punitive damages against Tracfone.

53. As a result of Tracfone's unreasonable practices, Plaintiff has been damaged in the amount previously set forth or such other damages as may be established at trial.

54. Because Tracfone's conduct is willful and malicious, Plaintiff is entitled to an award of punitive damages.

55. Because Tracfone's conduct violates Sections 201 and 202 of the Act, Plaintiff is entitled to recover their reasonable attorneys' fees pursuant to Section 206 of the Act, 47 U.S.C. § 206.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff on behalf of himself and all others similarly situated, hereby

demands the following relief:

(a)    For an order certifying this case as a class action and designating Plaintiff as class representative and the undersigned counsel as class counsel;

(b)    Compensatory damages in an amount to be determined at trial;

(c)    Punitive damages;

(d)    Injunctive relief; and

(e)    Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 16, 2009.

Respectfully submitted,

R. ERIC KENNEDY (0006174)
DANIEL P. GOETZ (0065549)
**WEISMAN, KENNEDY &**
    **BERRIS CO., L.P.A.**
Suite 1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
(216) 781-1111
(216) 781-6747 (fax)
ekennedy@weismanlaw.com
dgoetz@weismanlaw.com

CHRISTOPHER P. THORMAN (0056013)
cthorman@thllaw.com
PETER HARDIN-LEVINE (0014288)
plevine@thllaw.com
MARK GRIFFIN  (0064141)
mgriffin@thllaw.com
**THORMAN& HARDIN-LEVINE, L.P.A.**
The Bradley Building
1220 West Sixth Street, Suite 207
Cleveland, Ohio  44113
Phone (216) 621-9767
Fax (216) 621-3422

Attorneys for Plaintiff